# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 0 6 2010

_____ Clerk
By: _____

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

LORRAINE L. GUTH,

    Plaintiff,

    v.

PNC REVERSE MORTGAGE LLC, aka
PNC MORTGAGE, a division of PNC BANK
NATIONAL ASSOCIATION (formerly
NATIONAL CITY MORTGAGE AND
NATIONAL CITY BANK),
PNC FINANCIAL SERVICES,

    Defendants.

C.A. No.

# 1 10 · CV - 2090

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants PNC Bank, N.A. and PNC

Financial Services, Inc., pursuant to 28 U.S.C. §§ 1441, et seq., hereby remove to

this Court the action entitled Guth v. PNC Reverse Mortgage LLC, et al., Civil

Action No. 10A-05013-8, filed in the Superior Court of Gwinnett County, Georgia

(the "Action"). Copies of Plaintiff's Complaint and other documents, constituting

all process, pleadings, and orders served upon or received by Defendants are

attached as Exhibit A.

## THE PARTIES

1.     Upon information and belief, Plaintiff Lorraine L. Guth is a citizen of Tennessee.

2.     All Defendants are citizens of Pennsylvania.  Defendant PNC Mortgage, a division of PNC Bank, N.A., is not a citizen of Georgia or Tennessee for purposes of removal.  PNC Mortgage is an unincorporated division of PNC Bank, N.A.  PNC Bank, N.A. is a federally chartered national association with its principal place of business in Pennsylvania.  PNC Financial Services Group, Inc. is the parent corporation of PNC Bank, N.A., and is a Pennsylvania corporation with its principal place of business in Pennsylvania.  PNC Reverse Mortgage LLC is a limited liability company, with two members: Wells Fargo Bank, N.A. and PNC Bank, N.A.  Wells Fargo Bank, N.A. is a national banking association with its principle place of business in California.

## COMPLAINT

3.     On or about June 4, 2010, Plaintiff filed a Complaint against Defendants listed herein in the Superior Court of Gwinnett County, Georgia.

## SERVICE OF THE COMPLAINT

4.     Defendant PNC Bank, N.A. obtained a copy of the Complaint, the initial pleading setting forth the claims, less than thirty (30) days ago.  The other

Defendants have not been served with copies of the Complaint. This Notice of Removal is timely because it has been filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

## JURISDICTION

5.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the matter in controversy is between citizens of different states, and exceeds the sum or value of $75,000.00, exclusive of interest and costs. Among other things, per paragraph 25 of the Complaint, Plaintiff alleges that Defendants have deprived her of the use of $105,000 in equity.

6.     This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367 because the matters alleged in the Complaint are part of the same case or controversy.

7.     Annexed to this Notice, in accordance with 28 U.S.C. § 1446, are copies of all papers, pleadings, and orders received by Defendants.

8.     Defendants will file a copy of this Notice with the Clerk of the Superior Court for the County of Gwinnett, Georgia, in accordance with 28 U.S.C. § 1446(d) attached as Exhibit B.

9.     Defendants expressly reserve all rights and defenses relating to Plaintiff's claims.

WHEREFORE, Defendants remove this action from the Superior Court for

Gwinnett County, Georgia to this Court pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

Robin J. Gentry WEP OFB

Robin L. Gentry
Georgia Bar No. 289899
gentryr@ballardspahr.com
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-5915
Telephone (404) 678-9300
Facsimile: (404) 678-9301

Of Counsel

Gary C. Tepper
tepperg@ballardspahr.com
BALLARD SPAHR LLP
601 13th Street, NW, Suite 1000 South
Washington, DC 20005
Telephone (202) 661-2239
Facsimile: (202) 661-2299

Attorneys for Defendants
PNC Bank, N.A. and PNC Financial
Services, Inc.

Dated: July 6, 2010

# EXHIBIT A

PNC lawsuit

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2010 JUN -4 PM 2:36

TOM LAWLER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| LORRAINE L, GUTH, | : | **CIVIL ATION** |
| **PLAINTIFF** | : | **NUMBER** |
| **VS.** | : | |
| | : | $10A-05013-8$ |
| PNC REVERSE MORTGAGE, LLC., | : | |
| A/K/A PNC MORTGAGE, A DIVISION | : | |
| OF PNC BANK, NATIONAL | | |
| ASSOCIATION, | : | |
| (formerly NATIONAL CITY | | |
| MORTGAGE, AND NATIONAL CITY | : | |
| BANK, PNC FINANCIAL SEKUICES | | |
| **DEFENDANT** | : | |

### COMPLAINT

COMES NOW, Plaintiff, LORRAINE L. GUTH, and represents herself Pro Se, for the purpose of filing this action for damages and equitable relief. Plaintiff files this Complaint and alleges the following:

### NATURE OF CASE

This case involves claims by Plaintiff, a homeowner at 1020 Charter Club Drive, Lawrenceville, Ga. 30043 for money damages and equitabe relief arising from harms done by Defendant against the Plaintiff: breach of contract with failure to use Due Diligence; Bad Faith, by filing an Unwarranted Foreclosure of said home on loan #0002940300; with abuse of litigation causing intentional infliction of emotional harm and special injury to

**Page 1**

PNC lawsuit

the Plaintiff, LORRAINE L. GUTH; misrepresentation and
non-disclosure, with intent to deceive; with abuse of power;
malicious prosecution by wrongful civil litigation and tactics;
abuse of legal system and intent to harm with malice; malicious
prosecution by instigating or continuing a prosecution or
proceeding; invasion of constitutional right of the Plaintiff;
reporting in a public newspaper a proceeding of Foreclosure;
loss of enjoyment of home; loss of income; unjust enrichment due
to impending Foreclosure filed by Defendant due to the large
equity that Plaintiff possessed in the home.

## PARTIES AND JURISDICTION

### 1)

Plaintiff is a resident of the State of Tennessee and
owns the said home being Foreclosed by Defendant at:
1020 Charter Club Drive, Lawrenceville, Ga. 30043.

### 2)

The Defendant PNC REVERSE MORTGAGE, LLC., A/K/A PNC
MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION (FORMERLY
NATIONAL CITY MORTGAGE AND NATIONAL CITY BANK) is a corporation
with a Registeed Agent for Service of Process, located in the
State of Georgia.  This Complaint arises out of Plaintiff's
dealings with the Defendant regarding the property located at
1020 Charter Club Drive, Lawrenceville, Ga. 30043, Gwinnett
County.

### 3)

This Court has venue of this action as the property in

Page 2

PNC lawsuit
dispute is located in Gwinnett County, Georgia.

## FACTUAL ALLEGATIONS

### 4)

Plaintiff purchased the residence at 1020 Charter Club Drive, Lawrenceville, Ga. 30043 (hereinafter referred to as a "Residence") in May 2000, with the intention of occupying the house or leasing said home due to Plaintiff's advanced age of 71.

### 5)

Plaintiff was a realtor for 19 years in the State of Georgia, with her License now retired do to the poor economy. Plaintiff purchased the home ON MAY 30, 2000 with another loan and subsequently REFINANCED said home located AT: 1020 Charter Club Drive, Lawrenceville, Ga. 30043 on a new loan with NATIONAL CITY MORTGAGE, NATIONAL CITY BANK on January 20, 2004, with the first payment to be made on March1, 2004.

### 6)

On or about February 1, 2004, Defendant through NATIONAL CITY MORTGAGE, began a system of continuing harassment by continuous phone calls at the Plaintiff's home, threatening letters stating payment PAST DUE.  Defendant continued this pattern of harassment, depriving Plaintiff of enjoyment at her home, causing the elderly Plaintiff to take a fall attempting to get another harassing phone call from said Defendant, NATIONAL CITY MORTGAGE, causing severe pain and

Page 3

PNC lawsuit

suffering to the elderly Plaintiff.  Payment per all the closing
documents stated very clearly that the first payment was not due
until March 1, 2004, not February 1, 2004.

7)

Plaintiff sent many Certified letters to Defendant,
NATIONAL CITY MORTGAGE, with copies of the closing documents, all
to no avail.  The Defendant continued to harass the elderly
Plaintiff without provacation, and continued to lodge late fees,
gave bad credit information to credit reporting agencies, and
this pattern of abuse continued for 6 years and 3 months and
was transferred to Defendant, PNC MORTGAGE, which continued the
same pattern of harassment, even though many Certified letters
and proof was sent to the Defendant NATIONAL CITY MORTGAGE
corporate executives, all to no avail.

8)

Plaintiff moved away from Georgia in June 2004, and still
the harassment continued non-stop by the Defendant.  Plaintiff
was constantly called and notified of being late; however,
Plaintiff in fact was never late with payments until the
Plaintiff could no longer live with such harassment by the
Defendant and paid the Defendant PNC Mortgage through
March 1, 2010.

9)

Plaintiff moved to Nashville, Tenn. in 2004 in order
to attend law school at an advanced age; however, she was
constantly and continuously harassed by Defendant for a
Page 4

PNC lawsuit

payment not due. After two years of constant harassment while

attempting to attend law school, the Plaintiff finally withdrew.

All during the 2 years in law school, the Plaintiff communicated
to the Defendant to leave her alone so that she could attend to
her law school studies;however, the Defendant declined and kept

up the harassment and even kept 2 monthly payments for January
and February 2006 without cashing the checks.

10)

Plaintiff was forced to send many Certified letters

to Defendant to cash two payments that were sent out months

previously. Plaintiff finally was forced to make her payments

mostly by Certified Mail (at great cost and expense) to the

Defendant's Vice President Jo Ann Hargrove, merely for proof

of payment at: 3232 Newmark Drive, Miamisburg, Ohio 45342

starting in early 2006.

11)

Plaintiff on many occassions had to contact the

Defendant, NATIONAL CITY MORTGAGE Vice Pesident Ms. Hargrove

in order to find out why the payments sent by Certified Mail were

being held by the Defendant NATIONAL CITY MORTGAGE; not cashed;

and my credit damageD. Ms. Hargrove WOULD CLAIM to take care

of the matter; however, it was not actually taken care of.

Plaintiff finally contacted the federal government

by and through the Comptroller of the Currency, the agency

that oversees the national banks in the United Staes. Plaintiff

received a letter from this federal agency advising the

Plaintiff to check the facts presented by PNC Mortgage in their

PNC lawsuit

response to said agency, and if they were not accurate, to please contact them back with the discrepancies.

12)

Plaintiff finally received the letter from the Defendant, PNC Mortgage. The communication clearly showed the problem starting 6 years and 3 months earlier, by showing my payments late on February 1, 2004, and the Defendant NATIONAL CITY MORTGAGE, lodging the sum of over $40.00 per month late fees starting as early as February 1, 2004.

13)

Defendant PNC MORTGAGE has continued the pattern of harassment by mail, failure to respond to Certified letters sent to Defendant's corporate executives by Plaintiff in order to have the 6 years 3 month problem resolved.

14)

Plaintiff sent a payment by Certified Mail with a letter to Defendant's Corporate officers in December, 2009 containing the January 2010 mortgage payment, which was signed for by the Defendant on December 30, 2009.

15)

Plaintiff sent a payment by Certified mail with a letter to Defendant's Corporate officers in January, 2010 containing the February 2010 mortgage payment, which was signed for by the Defendant on January 30, 2010.

16)

Plaintiff continued to be harassed for payments for
Page 6

PNC lawsuit

both January and February 2010 despite the fact that these two
payments were both sent to Defendant's Corporate officers by
Certified Mail; signed for and these two payments were sent
accompanied by enclosed letters.  All to no avail and the
harassment continued with no response to the Plaintiff by
the Defendant.

### 17)

Plaintiff could no longer keep the problem active due
to a serious problem that surfaced on June 9, 2009, when
Plaintiff was taken to a Georgia Hospital; kept all day;
sent to a heart specialist due to this serious problem; and
was forced to take a Stress Test at great expense to the
Plaintiff.  This cost the Plaintiff over $8,800.00 in costs
due to the Defendant's poor and incorrect record keeping and
continued harassment.  A follow-up visit with the Heart
Specialist revealed that if the Plaintiff had not been taken
to the hospital ER on June 9, 2009, Plaintiff would have
suffered a full heart attack.

### 18)

Plaintiff was instructed by the Heart Specialist o
June 11, 2009 not to go near her home at 1020 Charter Club
Drive, Lawrenceville, Ga. 30043, as this was the reason with the
stress factor that almost caused the Plaintiff to have a fatal
heart attack.  On the doctor's orders, the Plaintiff has not
visited this home since June 8, 2009 and has family members
monitorit.

PNC lawsuit

19)

Plaintiff continued to make monthly payments to Defendant, PNC. MORTGAGE until March 1, 2010, at which time payments came to a halt. The home cannot be used by the Plaintiff to either reside or lease out. The harassment has become too severe for the 81 year old Plaintiff to continue to make the payments any further. Defendant will not keep accurate records and keeps on viciously harassing and punishing the Plaintiff due to their severe errors in bookkeeping.

20)

Plaintiff alleges that Defendant never intended to resolve the problem with this mortgage account that has continued for the last 6 years, 3 months. Plaintiff alleges further that the Defendant fully intended to viciously Foreclose the property from the day they took over the mortgage from Defendant NATIONAL CITY MORTGAGE.

21)

Plaintiff alleges that Defendant fully intended to never make an attempt to resolve the 6 year, 3 month mortgage loan problem, but rather intended to viciously punish the Plaintiff for bringing the problem to the attention of the Federal Government as well as the President of the United States. The communication to the Plaintiff by President Obama's offoce suggested the Plaintiff looking into doing a Modification; however, the Defendant appears to be one of the banks that took funds from the Federal Modification Simulus program, but has no

Page 8

PNC lawsuit

intention of loaning these funds through the Modification
Program.

22)

Plaintiff alleges that Defendant by posting a recorded
message on their phone service concerning Modifications of
loans, the Defendant is merely attempting to give the impression
that they are actually giving Modification loans, even though
the Defendant does not intend to give them.

22)

Plaintiff demands strict proof of the fact that the
Defendant actually gave any and all Modification loans.

23)

Plaintiff demands strict proof of how the Defendant has
spent any and all government Modification Stimulus loan funds,
as this is the Plaintiff's business in view of the fact that the
Defendant opened themselves up to this scrutiny by filing the
harassing and vicious Foreclosure proceeding against the
Plaintiff due to the Plaintiff filing a complaint with the
Comptroller of the Currency.

24)

Plaintiff clearly intends to file this lawsuit against
the Defendant and will send a copy of said filing to the
President of the U.S. as well as to the Comptroller of the
Currency as the performance by both NATIONAL CITY MORTGAGE
and PNC MORTGAGE have probably crossed the line between a

PNC lawsuit

Civil action and a Criminal action.

25)

Defendant PNC MORTGAGE was aware at all times that there was considerable equity in the home owned by the Plaintiff and the Plaintiff alleges that this was the reason for all the false and inaccurate accounting on the mortgage account for a period of 6 years, 3 months by the Defendant. Plintiff alleges that the Defendant failed to resolve or correct the false mortgage information that they viciously and maliciously intentionally gave to credit reporting agencies with the consequence that Plaintiff was unable to access the $105,000.00 equity that the Plaintiff had in the home as of July 2007. Defendant NATIONAL CITY MORTGAGE allegedly attempted to gain from the Plaintiff's misfortune.

26)

Plaintiff alleges that the Defendant PNC Mortgage has filed a Foreclosure Notice against the Plaintiff one day (May 6, 2010), after sending a letter to Plaintiff asking if she wanted to save the home? Plaintiff alleges that by the Defendant's letter dated the next day (May 7, 2010), the Defendant turned the mortgage loan over for collection by their Foreclosure Department to their Foreclosure Attorneys.

27)

Plaintiff alleges that the Defendant started the Foreclosure against the Plaintiff to willfully, maliciously, viciously, and deliberately to punish and deceive the Plaintiff

Page 10

PNC lawsuit

because Plaintiff had contacted the Federal Government and the President of the U.S. and the Defendant planned on making a gain at the Plaintiff's expense.

28)

Plaintiff therefore seeks the full value of the home in question as of October 2007 as well as any and all other relief granted by this Honorable Court, and also seeks information concering the Defendant's loans under the Federal Stimulus Modification funds. Plaintiff seeks the information as to how the Defendant paid out their Modification funds.

29)

Plaintiff seeks to receive the names of the executives, and employees of the Defendant's personnel and how much of these Federal funds were paid out to these people after the Defendant received a payment from these funds. Plaintiff is entitled to this information due to the fact that the Defendant left themselves open to this scrutiny by their unfair and malicious actions against the elderly 81-year old Plaintiff.

30)

Plaintiff alleges that the Defendant's deliberate, malicious, willful, and intentional cruelty against the Plaintiff caused a severe harm to the Plaintiff as well as a severe financial loss to the Plaintiff by the Defendant.

31)

Plaintiff alleges that Defendant fully intended to punish the Plaintiff by Foreclosing her home at 1020 Charter

PNC lawsuit

Club Drive, Lawrenceville, Ga. 30043 by sending a letter dated
May 6, 2010 stating the options for the Plaintiff to take to
save her home and the very next day, May 7, 2010 sending a letter
informing her that the Defendant had already turned the matter
over to their Foreclosure attorney:

> Mccurdy & Candler Llc
> Suite 600
> 250 Ponce De Leon Ave.
> Decatur, Ga. 30030
> Telephone (404) 373-1612

32)

Plaintif realleges the fact that the Defendant had
no intention of attempting to resolve the problem with the
account for the past 6 years and 3 months, but rather wanted
to take the home causing Unjust Enrichment by the Defendant
gaining at the Plaintiff's expense.

33)

Plaintiff alleges that after she contacted the
Federal Government, concerning the Defendant PNC MORTGAGE's
failure to resolve the longstanding problem with the mortgage
account of 6 years, 3 months, the Plaintiff was able to
discern the response by the Defendant PNC MORTGAGE to the Federal
Government agency.  The Defendant had continued the practice of
poor record-keeping by the Defendant NATIONAL CITY MORTGAGE.

34)

Plaintiff alleges that Defendant NATIONAL CITY MORTGAGE
A/K/A NATIONAL CITY BANK incorrectly handled the Plaintiff's
Credit Card account as well from 1997 and finally had to settle

PNC lawsuit

with the Plaintiff. Plaintiff possesses copies still of all these settlement documents, including the apology; however, this means nothing since the Defendant NATIONAL CITY MORTGAGE continued in the same manner. Plintiff would not have closed the loan with NATIONAL CITY MORTGAGE on January 20, 2004, if Plaintiff had known prior to the loan closing that the lender was NATIONAL CITY MORTGAGE as she had nothing but problems with poor record-keeping by NATIONAL CITY BANK with her Credit Card account. Plaintiff alleges that this information is no longer to be handled secretly as the Defendant NATIONAL CITY MORTGAGE has continued on the problems created for her by the Defendant NATIONAL CITY MORTGAGE and PNC MORTGAGE.

35)

Defendants PNC MORTGAGE and NATIONAL CITY MORTGAGE are the cause in fact for all the damages and injuries sustained by the Plaintiff. As a result Defendant PNC MORTGAGE and NATIONAL CITY MORTGAGE are liable to the Plaintiff for all claims set forth:

COUNT 1

Breach of Contract, bad faith negotiations, misrepresentation and non-disclosure, intent to deceive, malicious prosecution for instigating a wrongful Civil Prosecution by adverse person in position of power
O.C.G.A §13-6-11

36)

Plaintiff alleges and incorporates all of the aforementioned facts and paragraphs.

Page 13

PNC lawsuit
37)

Plaintiff alleges that Defendants PNC MORTGAGE and NATIONAL CITY MORTGAGE deliberately, willfully, viciously, maliciously acted in bad faith at all times and during any or all negotiations, misrepresented and did not disclose their actions to the Plaintiff with intent to deceive, and maliciously prosecute the Plaintiff by instigating a wrongful prosecution by an adverse person in position of power.

38)

Defendants PNC MORTGAGE and NATIONAL CITY MORTGAGE breached this contract by viciously, willfully, and arbitrarily failing to abide by the provisions of the Federal Modification program paid for by the American Taxpayers and by deception deliberately failed to correctly inform or protect the Plaintiff.

39)

Plaintiff alleges that the Defendants PNC MORTGAGE and NATIONAL CITY MORTGAGE failed to use Due Diligence and mishandled the Plaintiff's mortgage loan account in an arrogant, uncaring, unprofessional, deceitful, abusive, and adverse manner:

(Adverse persons in positions of power) ($304)
 deceitful, abusive, and adverse manner:
(Abuse of the legal system and intent to harm
 with Malice) ($429)
(Malicious prosecution by instigating or continuing
 a prosecution or proceeding) ($431)
(Malicious prosecution) – wrongful Civil Litigation
 and Tactics ($436)
(Abuse of Power) – Creditors have right to demand
 payment – not illegal enforcement ($438)
(Intent to Deceive) – Intent to give false
 representation knowingly, recklessly, uncaringly
 ($471)
(Misrepresentation and non-disclosure) ($469)

Page 14

PNC lawsuit

Plaintiff alleges and incorporates all of the aforementioned facts and paragraphs.

COUNT 2

Unjust Enrichment  (§ 42 2)

40)

Plaintiff realleges and incorporates all of the aforementioned facts and paragraphs.  Defendant has by filing this false and malicious prosecution against the plaintiff to gain from the Plaintiff's misfortune despite the fact that the Plaintiff has always paid her mortgage payments in a timely manner; however, Defendant has always posted the funds late due to their strictly enforcing a first payment due February 1,  2004 instead of what the closing loan documents all show of a first payment being due on March 1, 2004 (not February 1, 2004) plus Defendant charging a monthly late fee of over $40.00 for all 6 years, 3 months that the loan has been in force.

41)

Plaintiff AT ALL TIMES performed all of the obligations under the mortgage loan agreement up to and until March 1, 2010 for a period of 6 years and 3 months.

42)

Plaintiff never had a chance to see or fill out any Modification documents as the Defendant sent the notice of the Modification on May 6, 2010 and then followed the letter by a letter dated May 7, 2010 stating that they were turning the

Page 15

PNC lawsuit

account over to a Foreclosure attorney.

43)

Plaintiff received on May 39, 2010 a notice of
Foreclosure by Defendant's Foreclosure Attorneys, thereby
depriving Plaintiff of having a chance to even see any or all
Modification forms.
ATIONS                          COUNT 3

<u>Intentionally inflicting severe emotional</u>
pain causiing a harm to Plaintiff.

44)

Plaintiff alleges that Defendant, PNC MORTGAGE and
NATIONAL CITY MORTGAGE deliberately, viciously, maliciously,
and intentionally caused a harm to the Plaintiff, LORRAINE L.
GUTH.

Plaintiff alleges that Defendant, PNC MORTGAGE and
NATIONAL CITY MORTGAGE sought to cause a harm to the Plaintiff
by use of misrepresentation and deception.

<u>(Intent to Inflict emotional harm by deception ($303)</u>

Plaintiff realleges and incorporates all of the
aforementioned facts and paragraphs.

<u>(Special Injury and Grievance) ($437)</u>

45)

<u>Bad Faith Litigation pursuant to</u>
O.C.G.A. § 13 -6-11

Plaintiff realleges and incorporates all of the
aforementioned facts and paragraphs.

46)

Page 16

PNC lawsuit
Plaintiff alleges that Defendant PNC MORTGAGE acted in Bad Faith litigation by instigating the Foreclosure on the Plaintiff's home thereby depriving her of the use and enjoyment of said home by the filing of said Bad Faith Foreclosure.

47)

Plaintiff alleges that the Defendant PNC MORTGAGE has acted in bad faith and has been stubbornly litigious, refusing to resolve this matter which has resulted solely from Defendants PNC MORTGAGE arbitrary, capricious and discriminatory behavior.

Plaintiff therefore is entitled to recover all costs of litigation, including attorney fees, incurred as a result of Defendant PNC MORTGAGE'S bad faith litigation:

WHEREFORE, Plaintiff respectfully requests the following:

A)   Trial by jury on those claims so triable;

B)   The full amount of actual and punitive damages as determined by a jury;

C)   Attorney's fees and expenses of litigation with respect to all of the above causes of action;

D)   The above stated actual and punitive damages plus full equity plus full value (using 2007 real estate values) in home located at:
1020 Charter Club Drive
Lawrenceville, Ga. 30043;

E)   That costs be cast against the Defendant;

F)   Such other and further relief the Court may find appropriate.

This_____4th_____day of _____Jun_____, 2010.

Respectfully submitted:

_____Plaintiff
Lorraine L. Guth,
Pro Se

Page 17

**PNC lawsuit**
**1216 Bending Creek Drive**
**Cane Ridge, Tenn. 37013**
**(404) 583-1508**

## CERTFICATE OF SERVICE

THIS IS TO CERTIFY THAT I HAVE THIS DATE SERVED
the within and foregoing Complaint upon Defendant's
Registered Agent; CEO of PNC MORTGAGE; Attorneys
Mccordy & Candler Llc. by deposition a copy of same
in the United States Mail in properly addressed
envelopes with adequate postage to ensure delivery to:
Page 18

PNC lawsuit

**Registered Agent:**
**CORPORATION SERVICE COMPANY**
**40 TECHNOLOGY PARKWAY SOUTH**
**SUITE 300**
**NORCROSS, GA. 30092**

**for:**

**PNC REVERSE MORTGAGE, LLD.,**
**A/K/A PNC MORTGAGE, A DIVISION**
**OF PNC BANK, NATIONAL ASSOCIATION,**
**(FORMERLY NATIONAL CITY BANK)**

**AND**

**JAMES E. ROHR, CEO**
**PNC FINANCIAL SERVICES (PNC MORTGAGE)**
**ONE PNC PLAZA**
**PITTSBURG, PA. 15222-2707**

**AND**

**MCCURDY & CANDLER LLC**
**SUITE 600**
**250 E. PONCE DE LEON AVE.,**
**DECATUR, GA. 30030**
**(404) 373-1612**

0002940300          **FEE ACTIVITY LEDGER**

LORRAINE GUTH                         1216 BENDING CREEK DR
                                      ANTIOCH

                                            TN 37013-4546

| FEE CODE | DESCRIPTION | DATE ASSESSED | AMOUNT | DATE PAID | AMOUNT | DATE WAIVED | AMOUNT |
|---|---|---|---|---|---|---|---|
| 1 | LATE CHARGE FEE | 02-17-04 | 46.05 | | | | |
| 1 | LATE CHARGE FEE | | | | | 03-02-04 | 46.05 |
| 1 | LATE CHARGE FEE | 01-17-06 | 46.05 | | | | |
| 1 | LATE CHARGE FEE | | | | | 01-27-06 | 46.05 |
| 1 | LATE CHARGE FEE | 02-16-06 | 46.05 | | | | |
| 1 | LATE CHARGE FEE | | | | | 04-06-06 | 46.05 |
| 1 | LATE CHARGE FEE | 05-16-07 | 46.05 | | | | |
| 1 | LATE CHARGE FEE | | | | | 05-24-07 | 46.05 |
| 1 | LATE CHARGE FEE | 10-16-07 | 46.05 | | | | |
| 1 | LATE CHARGE FEE | | | 10-25-07 | 0.60 | | |
| 1 | LATE CHARGE FEE | | | 11-08-07 | 0.60 | | |
| 1 | LATE CHARGE FEE | 12-17-07 | 46.05 | | | | |
| 1 | LATE CHARGE FEE | 01-16-08 | 46.05 | | | | |
| 1 | LATE CHARGE FEE | | | | | 02-21-08 | 136.95 |
| 1 | LATE CHARGE FEE | 03-16-09 | 46.05 | | | | |
| 1 | LATE CHARGE FEE | | | | | 03-26-09 | 46.05 |
| 1 | LATE CHARGE FEE | 04-16-09 | 46.05 | | | | |
| 1 | LATE CHARGE FEE | | | 04-22-09 | 0.40 | | |
| 1 | LATE CHARGE FEE | | | 05-13-09 | 0.40 | | |
| 1 | LATE CHARGE FEE | | | 06-04-09 | 0.40 | | |
| 1 | LATE CHARGE FEE | | | 07-06-09 | 0.40 | | |
| 1 | LATE CHARGE FEE | 08-17-09 | 46.05 | | | | |
| 1 | LATE CHARGE FEE | 09-16-09 | 46.05 | | | | |
| 1 | LATE CHARGE FEE | | | 10-05-09 | 0.40 | | |
| 1 | LATE CHARGE FEE | 10-16-09 | 46.05 | | | | |
| 1 | LATE CHARGE FEE | | | 11-16-09 | 0.40 | | |
| 1 | LATE CHARGE FEE | 11-16-09 | 46.05 | | | | |
| 1 | LATE CHARGE FEE | | | 12-07-09 | 0.15 | | |
| 1 | LATE CHARGE FEE | 12-16-09 | 46.05 | | | | |
| 1 | LATE CHARGE FEE | 01-19-10 | 46.05 | | | | |
| 1 | LATE CHARGE FEE | | | 02-01-10 | 0.04 | | |
| 1 | LATE CHARGE FEE | 02-16-10 | 46.05 | | | | |
| 1 | LATE CHARGE FEE | 03-16-10 | 46.05 | | | | |
| I | PROP INSPECTION | 03-23-10 | 9.00 | | | | |

          Net Totals   420.86      791.85              3.79              367.20

*[handwritten annotations: "Loan rePay to start 3/1/04 not 2/1/04"]*



**PNC Mortgage**
3232 Newmark Drive
Miamisburg, Ohio 45342
Telephone: (937) 910-1200

P.O. Box 1820
Dayton, OH 45401-1820

**Mailing Address:**
P.O. Box 1820
Dayton, Ohio 45401-1820

MARCH 16, 2010

49019 002061

LORRAINE GUTH
1216 BENDING CREEK DR
ANTIOCH TN 37013

RE: LOAN NUMBER 0002940300

DEAR CUSTOMER:

Your loan is now delinquent for two (2) payments. The total amount
due is $-2,798.16. If you are unable to pay the total amount due,
please review the following options. All of these options are subject
to investor review and approval.

1. Repayment Plan
An agreement where you would resume making your regular monthly
payments, in addition to a portion of the past-due payments.
2. Modification
If you can afford to make monthly payments, but cannot bring
your loan current, we may be able to modify the terms of your
original loan which may reduce your monthly payment.
3. Assumption
A qualified buyer may be allowed to assume your Mortgage, based
on assumption guidelines.
4. Short Sale
If the payoff amount is greater than the fair market value of your
property, you may qualify to sell your home for less than you owe.
5. Deed-in-Lieu
If you have the property listed for a period of time with no
activity, we may accept title to your property as settlement
for the debt.

PNC Mortgage, a division of PNC Bank, National Association (PNC Mortgage)
must determine your eligibility for any of these options. Please call
our office at 1-800-523-8654 or visit our website at www.pnc.com/mortgage.
We can encourage you to contact a HUD-approved counseling agency for
financial counseling. To locate an agency near you, please call
1-800-569-4287, or visit www.hud.gov.

Sincerely,
Collections Center
Enclosure (I)

XCO72 080 CPI

This is an attempt to collect a debt. Any information obtained will
be used for that purpose. However, if you have received a discharge in
bankruptcy affecting our right to collect your loan as a personal
obligation, and if the loan was not reaffirmed in the bankruptcy case,
PNC Mortgage will only exercise its rights against the property
itself, and is not attempting to collect the discharged debt from
you personally.

749-3022-1009F



**PNC MORTGAGE**℠

PNC Mortgage
3232 Newmark Drive
Miamisburg, Ohio 45342
Telephone: (937) 910-1200

P.O. Box 1820
Dayton, OH 45401-1820

**Mailing Address:**
P.O. Box 1820
Dayton, Ohio 45401-1820

MAY 06, 2010

50456 000419

LORRAINE GUTH
1216 BENDING CREEK DR
ANTIOCH TN 37013

RE:  LOAN NO. 0002940300

Dear Customer:

Your loan has been reviewed by our foreclosure committee and has been
approved for referral to the foreclosure department.  Please note that
all foreclosure activity will continue until a mortgage workout program
is approved.

We would like to help you understand your options to stop foreclosure.
If there has been a financial hardship that has affected your ability
to pay the mortgage, you may be eligible to participate in a mortgage
workout program.  The following is a description of some mortgage
workout programs:

Loan Modification - The terms of the mortgage may be changed if it will
help a borrower maintain homeownership.

Partial Claim - The mortgage insurer (if applicable) may be able to
bring the loan current if a borrower can resume making payments.

Short Sale - The borrower may be able to sell the property at a fair
market value.  If the proceeds are not enough to pay the loan off, the
lender may accept a short payoff.

Deed in Lieu - The title of the property may be returned to the lender
in exchange for release of the mortgage debt.

Please call us at 1-800-523-8654.  When you call, we will request basic
financial information.  This information will be reviewed to determine if
you meet the requirements for a loan workout.  We look forward to hearing
from you.

Sincerely, Homeowners Assistance Team
Enclosures (A,B)                        XC911 050 IQA

This is an attempt to collect a debt. Any information obtained will be
used for that purpose.  However, if you have received a discharge in
bankruptcy affecting our right to collect your loan as a personal
obligation, and if the loan was not reaffirmed in the bankruptcy case,
PNC Mortgage, a division of PNC Bank, National Association will
only exercise its rights against the property itself, and is not
attempting to collect the discharged debt from you personally.


**PNC**
MORTGAGE™

May 07, 2010

Lorraine Guth
1216 Bending Creek Dr
Antioch TN 37013

RE:    Loan No. 0002940300
       1020 Charter Club Dr
       Lawrenceville GA 30043

Dear Customer:

Your loan has been referred to our attorney who has been
instructed to proceed with foreclosure.  Please direct all future
communications concerning your foreclosure to our attorney.

If you would like to get information regarding alternatives to
foreclosure, please call 1-800-367-9305 ext. 57066.

The attorney handling your account is:

                    Mccurdy & Candler Llc
                    Suite 600
                    250 E Ponce DE Leon Ave Decatur GA
                    30030
                    Telephone No. (404)373-1612

Sincerely,

Foreclosure Department


This is an attempt to collect a debt.  Any information obtained will be
used for that purpose. However, if you have received a discharge in
bankruptcy affecting our right to collect your loan as a personal
obligation, and if the loan was not reaffirmed in the bankruptcy case,
PNC Mortgage, a division of PNC Bank, National Association will only
exercise its rights against the property itself, and is not attempting
to collect the discharged debt from you personally.


FC110 026 KKV

# EXHIBIT B

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| LORRAINE L. GUTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10A-05013-8 |
| | ) | |
| PNC REVERSE MORTGAGE LLC, aka | ) | |
| PNC MORTGAGE, a division of PNC BANK | ) | |
| NATIONAL ASSOCIATION (formerly | ) | |
| NATIONAL CITY MORTGAGE AND | ) | |
| NATIONAL CITY BANK), | ) | |
| PNC FINANCIAL SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

TO:   THE CLERK OF THE SUPERIOR COURT
       FOR GWINNETT COUNTY, GEORGIA

Per 28 U.S.C. § 1446(d), Defendants hereby give written notice that a Notice

of Removal of the above-captioned action from this Court to the United States

District Court for the Northern District of Georgia, was filed on July 6, 2010, in

said United States District Court. A copy of the Notice of Removal is attached as

Exhibit 1.

Respectfully submitted,

Robin L. Gentry
Georgia Bar No. 289899
gentryr@ballardspahr.com
BALLARD SPAHR LLP
999 Peachtree Street, Suite 1000
Atlanta, GA 30309-5915
Telephone (404) 678-9300
Facsimile: (404) 678-9301

Attorneys for Defendants PNC Bank, N.A.
and PNC Financial Services, Inc.

Dated: July 6, 2010

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| LORRAINE L. GUTH,  )<br><br>  )<br>          Plaintiff,  )<br>  )<br>          v.  )<br>  )<br>PNC REVERSE MORTGAGE LLC, aka  )<br>PNC MORTGAGE, a division of PNC BANK  )<br>NATIONAL ASSOCIATION (formerly  )<br>NATIONAL CITY MORTGAGE AND  )<br>NATIONAL CITY BANK),  )<br>PNC FINANCIAL SERVICES,  )<br>  )<br>          Defendants.  )<br>  ) | C.A. No. |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants PNC Bank, N.A. and PNC

Financial Services, Inc., pursuant to 28 U.S.C. §§ 1441, et seq., hereby remove to

this Court the action entitled Guth v. PNC Reverse Mortgage LLC, et al., Civil

Action No. 10A-05013-8, filed in the Superior Court of Gwinnett County, Georgia

(the "Action"). Copies of Plaintiff's Complaint and other documents, constituting

all process, pleadings, and orders served upon or received by Defendants are

attached as Exhibit A.

1082115

## CERTIFICATE OF SERVICE

I certify that I have this _6th_ day of July 2010, caused the foregoing Notice

of Filing Notice of Removal to be served by first-class mail, postage prepaid, upon:

> Lorraine L. Guth
> 1216 Bending Creek Drive
> Cane Ridge, Tennessee  37013

Robin L. Gentry

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LORRAINE L. GUTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| PNC REVERSE MORTGAGE LLC, aka | ) | |
| PNC MORTGAGE, a division of PNC BANK | ) | |
| NATIONAL ASSOCIATION (formerly | ) | |
| NATIONAL CITY MORTGAGE AND | ) | |
| NATIONAL CITY BANK), | ) | |
| PNC FINANCIAL SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### CERTIFICATE OF SERVICE

I certify that I have this _6th_ day of July 2010, caused the foregoing Notice

of Removal to be served by first-class mail, postage prepaid, upon:

> Lorraine L. Guth
> 1216 Bending Creek Drive
> Cane Ridge, Tennessee  37013

Robin L. Gentry

- 5 -